UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. ZAMORA,<br><br>Plaintiff,<br><br>v.<br><br>PROPAK LOGISTICS, LLC,<br><br>Defendant. | Case No.  2:23-cv-2534-DJC-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

    Defendant filed a motion to dismiss, which is currently set for hearing on September 25, 2025.  ECF Nos. 34 & 35.  After plaintiff failed to timely respond to that motion, I continued the hearing on defendant's motion and ordered plaintiff to show cause why sanctions should not be imposed for his failure to comply with the court's local rules.  ECF No. 35.  I also ordered plaintiff file an opposition or statement of non-opposition to defendant's motion by no later than September 4, 2025.  *Id.*  I warned plaintiff that failure to comply with that order could result in a recommendation that this action be dismissed.  *Id*.  The deadline has passed, and plaintiff has not filed an opposition to defendant's motion or otherwise responded to the court's order.

    The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the

1

1  Court of any and all sanctions . . . within the inherent power of the Court.").

2  A court may dismiss an action based on a party's failure to prosecute an action, failure to
3  obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54
4  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
5  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
6  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
7  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
8  *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
9  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
10 prosecution and failure to comply with local rules).

11 In recommending that this action be dismissed for failure to comply with court orders, I
12 have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's
13 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
14 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
15 *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

16 Here, plaintiff failed to respond to the order directing him to show cause why this action
17 should not be dismissed. *See* ECF No. 35. Therefore, the public interest in expeditious resolution
18 of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all
19 support imposition of the sanction of dismissal. Lastly, my warning to plaintiff that failure to
20 obey court orders will result in dismissal satisfies the "considerations of the alternatives"
21 requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.
22 The August 18, 2025 order expressly warned plaintiff that his failure to comply with court orders
23 would result in dismissal. ECF No. 35. Plaintiff had adequate warning that dismissal could result
24 from her noncompliance. I therefore find that the balance of factors weighs in favor of dismissal.

25 Accordingly, it is hereby ORDERED that the September 25, 2025 hearing on defendant's
26 motion to dismiss is vacated.

27 Further, it is RECOMMENDED that:

28 1. This action be dismissed without prejudice for failure to prosecute, failure to comply

with the court's local rules, and failure to comply with court orders.

    2. Defendant's motion to dismiss, ECF No. 34, be denied as moot.

    3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 17, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE